Filed 3/20/14  P. v. Spratt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT JOHN SPRATT,<br><br>    Defendant and Appellant. | G048215<br><br>(Super. Ct. No. 11NF3590)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

## 1. *Introduction*

Robert John Spratt pleaded guilty to one count of first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a)) and admitted a person who was not an accomplice was present in the residence during the burglary (*id.*, § 667.5, subd. (c)(21)). The trial court sentenced Spratt to a term of 4 years in prison with a total of 310 days of presentence custody credit.

Spratt timely appealed from the judgment. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel provided an issue to assist us in conducting our independent review. Spratt was granted 30 days to file written arguments in his own behalf, but did not file anything.

We have examined the entire record and counsel's *Wende/Anders* brief. After considering the entire record, we have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

## 2. *Background*

Spratt initially pleaded not guilty. He brought a motion under Penal Code section 995 to dismiss all charges and enhancements on the ground the evidence presented at the preliminary hearing was insufficient to support each essential element of the charges. The trial court denied the motion.

Spratt changed his plea to guilty and filled out and signed a guilty plea form. On that form, Spratt agreed to the following as the factual basis for his plea: "[O]n 11/29/2011 I unlawfully did enter the . . . dwelling inhabited by Charles A. with the intent to commit larceny therein while he was present at the residence." Under the proposed disposition, the plea form read: "I voluntarily agree and understand the court will . . . [¶]

2

. . . [s]entence me to state prison for a period of 4 years and __ months, credit for time served of 270 days actual custody and 40 days of good time/work time for a total credit of 310 days."

Following a sentencing hearing, the trial court sentenced Spratt to a prison term of four years on the first degree residential burglary count, dismissed an enhancement allegation made under Penal Code section 12022.1, subdivision (b), and struck all prior conviction enhancement allegations. Spratt requested the trial court to grant him "half time" conduct credit under Penal Code section 4019. The court denied the request because, under Penal Code section 667.5, subdivision (c)(21), the court had no discretion to do so. Spratt was awarded 270 days of presentence custody credit for actual time and 40 days of conduct credit, for at total of 310 days of credit.

Several months later, Spratt filed a motion to correct the abstract of judgment to award him 270 days of conduct credit for a total of 540 days of presentence custody credit. The trial court denied the motion. The court stated in the minutes: "Defendant was sentenced after repeal of the amended version of Penal Code section 4019. His credits were calculated pursuant to the statute in effect at the time of his presentence custody. (See People v. Brown (2012) 54 Cal.4th 314.) Defendant's purported motion is therefore denied . . . ." (Some capitalization omitted.)

3. *Analysis*

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal. The number of days of presentence custody credit was correctly calculated. (Pen. Code, §§ 667.5, subd. (c)(21), 2933.1, subd. (a).) Spratt himself has not raised any issues for our review. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

4. *Disposition*

The judgment is affirmed.


FYBEL, J.

WE CONCUR:


MOORE, ACTING P. J.


IKOLA, J.


4